UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:08-cr-72-01 SEB-KPF |
| vs. ) | |
| ) | |
| JEREMY KITTLE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR PRETRIAL RELEASE**
(Docket No. 41)

The Court, having considered the Defendant's Motion for Release from Detention and the Government's response in opposition thereto and being duly advised in the premises, does hereby **DENY** the motion.

The Motion filed by Defendant correctly recites that he was initially released on pretrial release following indictment and, "except for his use of controlled substances," his counsel states that he was in compliance with all of the other conditions placed upon him by the Court.[1] That's a pretty big exception. In fact, it is behavior that almost no court, including this one, can ever choose to overlook or to minimize. Because of his continued, unabated use of cocaine, on September 10, 2008, following a detention hearing, his release was ordered revoked.

The Government notes that Defendant tested positive for cocaine on no less than six (6)

---

[1] The Government contends that, along with Defendant's continued illegal cocaine, he "routinely made false statements to both his supervising probation officer and health care practitioners regarding his use of cocaine." (Govt's Resp. page 2) False statements to the probation officer qualify as a violation of release conditions as well.

1

occasions prior to revocation of his release. His continued use of controlled substances has occurred despite the Probation Office's efforts to provide him with medical treatment while he was on release as well as its patient forbearance in seeking graduated sanctions in response to his continued demonstration of an inability to comply with the release conditions. In fact, at a hearing on September 2, 2008, at which the Magistrate Judge considered the allegations and evidence relating to Defendant's continued illegal use of controlled substances after which he found him to be in violation of his release conditions, Defendant was given one, last opportunity to remain on release and subject to the restrictions already in place along with the added condition of electronic monitoring. Two days later, Defendant again tested positive for cocaine use, for which he was again brought before the Court, and this time was ordered detained.

In the pending motion, defense counsel seeks an order from the Court permitting outside medical treatment for the defendant's ailing back, representing that Defendant is now successfully detoxified due to his having been incarcerated, that his family has arranged for him to attend AA/NA meetings and participate in an "intensive out-patient treatment program" and that a job awaits defendant if and when he is released. Somehow these assertions are expected to convince and reassure the Court that Defendant will not revert to his prior drug use if he were to be released. Significantly, all these options were available to Defendant during the time he was on release prior to September 19, 2008, and either were not pursued or did not suffice in deterring him from his continued cocaine use. We have no confidence that these factors would succeed this time either. The only thing that seems to have caused Defendant to cease his illegal drug use is having been locked up, and, so long as he is at liberty, he poses a risk to the safety of the community by his uncontrolled, continued drug use.

There is no new information or evidence presented to the Court in conjunction with the pending motion beyond what was presented to the Court when the detention order was entered on September 10, 2008. Defendant has not overcome, then or now, the rebuttable presumption arising under 18 U.S.C. § 3148(b)(1) and (2) that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

For these reasons, the Defendant's Motion for Release from Detention is **DENIED**.

IT IS SO ORDERED.

Date: 10/28/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Mark L Miller
ATTORNEY AT LAW
mmiller@600mainlaw.com

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov